IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA ADAM KEEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:20cv00693 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| STEVE CLEAR, *et al.*, ) | By: Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Joshua Adam Keen, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority ("Jail Authority") as well as several staff at the Jail Authority's Duffield, Virginia facility. Keen alleges that the defendants failed to protect him and interfered with his access to courts. Defendants Clear, Counselor Hill, Lt. Gullet, Counselor Starnes, Corp. Stepp, and the Jail Authority have moved to dismiss the complaint against them.[1] The court has reviewed the pleadings and will grant these defendants' motion to dismiss.

I.

Keen alleges that on September 9, 2020, all the doors in the special housing unit ("SHU") where he was housed were "'buzzed' open," except for his. (Second Am. Compl. at 2 [ECF No. 55].) After inmates gathered outside of their cells, Keen claims that his door was buzzed open and two unknown inmates subsequently "jumped" him "via help from" an unnamed correctional officer. (*Id.*)

---

[1] Other defendants have filed motions to dismiss that that the court will address separately. (*See* ECF Nos. 81 and 108.)

Keen also alleges that on September 25, 2020, Keen gave "legal paperwork/evidence" to Counselor Starnes to get copies. (*Id.*) Keen claims that Starnes "said she gave it to an officer to return to [Keen]." (*Id.*) Presumably those documents were not returned to Keen.

Keen argues that Clear is liable for his claims because Clear is the "CEO" and he "makes policies[,] allowed everything to happen, [and made] no effort to fix issues." (*Id.* at 3.) He argues that Counselors Hill and Starnes are liable because they "lost legal papers/evidence." (*Id.*) Keen claims that Lt. Gullet is liable because he "lost legal evidence" and did not help find it and he "allow[ed] 'SHU incidents'" to happen. (*Id.*) He claims that Corp. Stepp is liable because he "conspire[ed] to house [Keen] in [the] 'SHU' and hav[e him] 'jumped.'" (*Id.*) Finally, he claims that the Jail Authority is liable for "policies, company, employer." (*Id.*)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Keen's allegations fail to state a claim against the defendant Jail Authority. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation, *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981); that is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985).

In this case, Keen summarily argues that the Jail Authority is liable for "policies, company, employer" (Second Am. Compl. at 3 [ECF No. 55]), but he does not identify any official policy or custom of the Jail Authority that was responsible for the alleged violations or injuries he suffered.[2] Therefore, the court concludes that Keen has failed to state a cognizable federal claim against the Jail Authority and will grant the defendants' motion to dismiss this defendant.

---

[2] Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**IV.**

Keen's argument that defendant Clear is liable for any alleged constitutional violations because he is the "CEO" and he "makes policies[,] allowed everything to happen, [and made] no effort to fix issues" also fails to state a claim. (Second Am. Compl. at 3.)

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). To establish personal liability in a § 1983 action, the plaintiff must show "'that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Cook v. James*, 100 F. App'x 178, 180 (4th Cir. 2004) (citing *Wright*, 766 F.2d at 850)). "[G]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Rather, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

To state a claim for supervisory liability under § 1983, a plaintiff must alleges facts that, if true, would show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"[;] and (3) that

> there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799.

Keen has failed to allege facts that would establish any of the *Shaw* elements against Clear. In fact, he does not even allege that Clear was aware of any of the alleged violations at any point. Accordingly, the court will grant defendants' motion to dismiss the claims against Clear.

## V.

Keen's access to courts allegations fail to state a cognizable § 1983 claim against Counselors Hill and Starnes and Lt. Gullet.

The Due Process Clause of the Fourteenth Amendment guarantees prisoners the right to access the courts. *Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995). To state such a claim, the inmate must allege that he suffered an adverse consequence resulting from the interference. *Rountree v. Clarke*, No. 7:11cv572, 2015 U.S. Dist. LEXIS 28511, at *10 (W.D. Va. Mar. 9, 2015) (citing *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989)). An adverse consequence—also referred to as "actual injury"—occurs when the plaintiff's "nonfrivolous claim" is frustrated or impeded by the deprivation of the necessary tools to pursue that claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002). Mere negligent actions that interfere with an inmate's litigation efforts are not actionable. *Pink*, 52 F.3d at 75–76.

Here, Keen fails to allege any facts suggesting that defendants' alleged loss of his "paperwork" was deliberate, he fails to allege he suffered any actual injury as a result of the loss of his paperwork, and he fails to identify what "non-frivolous claims" were frustrated by

the loss of his paperwork. *See Rountree*, 2015 U.S. Dist. LEXIS 28511, at *12–13. Accordingly, the court will grant the defendants' motion to dismiss these claims.

## VI.

Keen's allegations that Lt. Gullet and Corp. Stepp failed to protect him also fail to state a colorable § 1983 claim. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "imposes duties on [prison] officials, who must provide humane conditions of confinement [and] 'take reasonable measures to guarantee the safety of the [prison's] inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526−27 (1984)). "In particular, . . . prison officials have a duty . . . . to protect prisoners from violence at the hands of other prisoners." *Id.* (internal quotation marks and citation omitted). To state a failure-to-protect claim under the Eighth Amendment, an inmate must allege facts sufficient to satisfy two elements. First, the inmate must establish that he suffered "a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury.'" *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014) (quoting *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010)). Second, the inmate must show that the prison official had a "sufficiently culpable state of mind," which, in this context, means that the official acted with "deliberate indifference to inmate health or safety." *Id.* at 346−47 (quoting *Farmer*, 511 U.S. at 834).

Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). "A plaintiff establishes 'deliberate indifference' by showing that the prison official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Danser*, 772 F.3d at 346 (quoting *Farmer*, 511 U.S. at

837). Importantly, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "It not enough that [officials] should have recognized it; they actually must have perceived the risk." *Parrish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." *Danser*, 772 F.3d at 347 (quoting *Farmer*, 511 U.S. at 838).

In this case, Keen summarily alleges that Lt. Gullet "allow[ed] 'SHU incidents'" to happen and Corp. Stepp "conspire[d] to house [Keen] in [the] 'SHU' and hav[e] him 'jumped.'" Keen's conclusory assertions are insufficient to establish that either defendant knew of or disregarded an excessive risk to Keen's health or safety.[3] Bare allegations devoid of factual enhancement are insufficient to state a claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678. Accordingly, the court will grant the defendants' motion to dismiss Keen's claims against Lt. Gullet and Corp. Stepp.

## VII.

For the reasons stated, the court will grant the defendants' motion to dismiss and terminate Clear, Counselor Hill, Lt. Gullet, Counselor Starnes, Corp. Stepp, and the Jail Authority as defendants. The court notes that Keen's claims against all other defendants remain pending.

---

[3] Further, the court notes that Keen alleged that even *he* did not know who attacked him or why they attacked him. (ECF No. 6-1, at 2.)

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 11th day of August, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE