IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA ADAM KEEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:20cv00693 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CPT. JOSH HAYES, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Joshua Adam Keen, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against staff at the Southwest Virginia Regional Jail Authority's Duffield, Virginia facility. Keen alleges that the defendants failed to protect him and interfered with his access to courts. Defendants Delano, Hall, Hamilton, Hayes, Kilgore, Smith, Duncan, and Edmonds have moved to dismiss the second amended complaint against them. The court has reviewed the pleadings and will grant these defendants' motions to dismiss and dismiss Keen's claims against them without prejudice.[1]

---

[1] On August 11, 2022, the court granted the motion to dismiss of defendants Clear, Hill, Gullet, Starnes, Stepp, and the Southwest Virginia Regional Jail Authority after concluding that Keen's allegations in his second amended complaint failed to state any viable § 1983 claim against them. (*See generally* Mem. Op. pgs. 4–9, Aug. 11, 2022 [ECF Nos. 116].) Keen has now filed a motion for reconsideration. (ECF No. 120.) Because the order granting the defendants' motion to dismiss "did not resolve all claims against all parties," the order is "interlocutory and thus subject to revision at any time" under Rule 54(b). *Saint Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (citing Fed. R. Civ. P. 54(b)); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514−15 (4th Cir. 2003) ("[A] district court retains the power to reconsider its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted."). Resolution of a Rule 54(b) motion is "committed to the discretion of the district court," *Am. Canoe Ass'n*, 326 F.3d at 515, and "the goal is to reach the correct judgment under law." *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010) (internal citation omitted). But the court's discretion "is not limitless," *id.*, and "[s]uch motions . . . should be granted sparingly," *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (quotation marks omitted). Applying these principles, the court concludes that Keen's claims were properly dismissed, but will nevertheless grant the motion in part. The August 11, 2022 dismissal of Keen's claims (Order, Aug. 11, 2022 [ECF No. 117]) will be amended to be without prejudice.

## I.

Keen alleges that on September 9, 2020, all the doors in the special housing unit ("SHU") where he was housed were "'buzzed' open," except for his. (Second Am. Compl. at 2 [ECF No. 55].) After inmates gathered outside of their cells, Keen claims that his door was buzzed open and two unknown inmates subsequently "jumped" him "via help from" an unnamed correctional officer. (*Id.*)

Keen also alleges that on September 25, 2020, he gave "legal paperwork/evidence" to Counselor Starnes to get copies. (*Id.*) Keen claims that Starnes "said she gave it to an officer to return to [Keen]." (*Id.*) Presumably those documents were not returned to Keen.

As to the remaining defendants, Keen summarily states that defendant Delano was the "master control" and was responsible for "opening doors and/or letting [the] incident happen and not responding to let [correctional officers] in [and, therefore] allowing [the] fight." (*Id.* at 3.) He alleges that defendant Hall allowed fights in the SHU and did not respond to help but, instead, "just watch[ed]." (*Id.*) Keen claims that defendants Edmonds, Hamilton, and/or Kilgore may have been responsible for opening doors. Keen states that defendant Hayes "allow[ed]" incidents to "keep happening" in the SHU and did not "fix[ the] loss of legal papers issue." (*Id.*) And Keen claims that either defendant Smith or Duncan "conspire[ed] with Cpl Stepp on intake" the day before the incident. (*Id.*)

The defendants have moved to dismiss the claims as alleged against them in the second amended complaint.[2]

---

[2] The defendants also provided video footage of the September 9 incident. (*See* ECF Nos 82-1 & 109-1.) The defendants assert that the court can consider this evidence as part of their motions to dismiss. The court disagrees. Although the general rule is that extrinsic evidence should not be considered at the 12(b)(6) stage,

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*,

---

the Fourth Circuit has held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). In this case, Keen challenges the authenticity of the video submitted. (*See* ECF No. 104 at 2.) Accordingly, the court will not consider the submitted video footage in considering the defendants' motions to dismiss.

550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

To the extent that Keen argues that the defendants denied him access to courts, his allegations in his second amended complaint fail to state a cognizable § 1983 claim.

The Due Process Clause of the Fourteenth Amendment guarantees prisoners the right to access the courts. *Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995). But to state such a claim, the inmate must allege that he suffered an adverse consequence resulting from the alleged interference. *Rountree v. Clarke*, No. 7:11cv572, 2015 U.S. Dist. LEXIS 28511, at *10 (W.D. Va. Mar. 9, 2015) (citing *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989)). An adverse consequence—also referred to as "actual injury"—occurs when the plaintiff's "nonfrivolous claim" is frustrated or impeded by the deprivation of the necessary tools to pursue that claim.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002). Negligent actions that interfere with an inmate's litigation efforts are not actionable. *Pink*, 52 F.3d at 75–76.

Here, Keen fails to allege that he suffered any actual injury as a result of the loss of his paperwork and he fails to identify any "non-frivolous claims" that were frustrated by the loss. *See Rountree*, 2015 U.S. Dist. LEXIS 28511, at *12–13. Accordingly, the court will grant the defendants' motion to dismiss as to these claims.

## IV.

To the extent Keen alleges that the defendants failed to protect him from the attack, the allegations in his second amended complaint also fail to state a colorable § 1983 claim.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "imposes duties on [prison] officials, who must provide humane conditions of confinement [and] 'take reasonable measures to guarantee the safety of the [prison's] inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526−27 (1984)). "In particular, . . . prison officials have a duty . . . . to protect prisoners from violence at the hands of other prisoners." *Id.* (internal quotation marks and citation omitted). To state a failure-to-protect claim under the Eighth Amendment, an inmate must allege facts sufficient to satisfy two elements. First, the inmate must establish that he suffered "a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury.'" *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014) (quoting *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010)). Second, the inmate must show that the prison official had a "sufficiently culpable state of mind," which, in this context, means that

the official acted with "deliberate indifference to inmate health or safety." *Id.* at 346–47 (quoting *Farmer*, 511 U.S. at 834).

Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). "A plaintiff establishes 'deliberate indifference' by showing that the prison official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Danser*, 772 F.3d at 346 (quoting *Farmer*, 511 U.S. at 837). Importantly, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "It not enough that [officials] should have recognized it; they actually must have perceived the risk." *Parrish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." *Danser*, 772 F.3d at 347 (quoting *Farmer*, 511 U.S. at 838).

Here, Keen summarily argues that the defendants "allow[ed]" "incidents" to happen, may have been responsible for "opening doors," "watch[ed] before responding" to the fight, and "conspire[ed] during intake" to have Keen "jumped." (Second Am. Compl. at 3.) Keen's conclusory assertions are insufficient to establish that any of the defendants knew of or disregarded an excessive risk to Keen's health or safety.[3] Conclusory allegations devoid of factual enhancement are insufficient to state a claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678. Moreover, Keen's second amended complaint does not allege that he suffered any

---

[3] Further, the court notes that Keen alleged that even *he* did not know who attacked him or why they attacked him. (ECF No. 6-1, at 2.)

injury from the attack. Accordingly, the court will grant the defendants' motions to dismiss Keen's failure to protect allegations in his second amended complaint.

## VI.

For the reasons stated, the court will grant the defendants' motions to dismiss and dismiss the claims against them without prejudice. But the court construes Keen's responses to the defendants' motions to dismiss and other submissions to the court as motions to supplement his complaint.[4] (*See* ECF Nos. 91, 104, 111, & 120.) In these submissions, Keen provides additional facts to support his claims and points to additional discovery that may bolster his claims against *each* defendant. Although the court construes these submissions as motions to supplement, the court will deny the motions due to Keen's attempts to construct his complaint piecemeal, in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. Instead, because Keen could allege facts that state a viable § 1983 claim, the court will allow Keen to file a third amended complaint. But that filing *must* conform to the joinder rules[5] and Rules 8 and 10 of the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). His third amended complaint *must* be set out in numbered paragraphs, each limited to a single

---

[4] The court notes that "it is axiomatic that the complaint may not be amended, without a motion to amend or supplement, by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Marsh v. Virginia Dep't of Transp.*, No. 6:14cv6, 2014 U.S. Dist. LEXIS 167333, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) (citing other, published cases).

[5] Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure allows the joinder of several parties only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants.

set of circumstances. *The third amended complaint will replace all of Keen's previous complaints and proposed supplements thereto and shall constitute the sole complaint.* If Keen does not file a third amended complaint within the time permitted, his failure to do so will be deemed a waiver of his right to amend as provided herein, and this action will be *closed* and *stricken* from the docket. The court will not accept a proposed amended complaint that does not comply with this order and the Federal Rules of Civil Procedure.[6]

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 31st day of March, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[6] Keen has also filed a motion "for trial and compelling discovery." (ECF No. 126.) The court finds that a trial is premature at this time and, inasmuch as he does not identify the discovery he seeks to compel, his motion will be denied without prejudice. *See* Fed. R. Civ. P. 26(b)(1). Insofar as Keen requests production of the video of the incident in question (ECF No. 104 at 2), because this case is dismissed on his pleadings, the court has no authority to order the defendants to produce evidence. It will be incumbent on Keen to acquire that video through the normal administrative process. But given that the court has granted Keen leave to file an amended complaint, the defendants clearly are on notice that any video evidence is likely to be requested in the course of litigation, and they therefore have an obligation to preserve it. *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation with a party reasonably should know that the evidence may be relevant to anticipated litigation.").